UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) ) | |
| v. | ) ) | **CRIMINAL NO. 02-37-P-H** |
| **JASON A. DONNELL,** | ) ) ) | |
| **DEFENDANT** | ) | |

**ORDER ON DEFENDANT'S MOTION TO REDUCE SENTENCE**

On September 26, 2002, I sentenced the defendant Jason Donnell for conspiracy to distribute and possess with intent to distribute 50 or more grams of cocaine base. Under the statute, Donnell faced a minimum sentence of 20 years. When the government filed a motion under 18 U.S.C. § 3553(e) and USSG § 5K1.1, however, I sentenced Donnell to 162 months. See Judgment (Docket Item 17). Later on May 8, 2003, I granted the government's Rule 35(b) motion and reduced the sentence to 138 months. See Amended Judgment (Docket Item 20).

Donnell has written U.S. Probation Officer Eric Storms stating that he plans to "file for a sentence reduction under the new crack cocaine law." I treat the letter as a motion to reduce sentence. See Docket Item 22. The motion is **DENIED**.

Donnell pleaded guilty and was sentenced under 21 U.S.C. § 841(b)(1)(A). That statute provides that where the crime involves 50 grams or more of a mixture

or substance containing cocaine base and the defendant has a prior conviction for a felony drug offense, the sentence is at least 20 years. That drug quantity calculation is statutory; it is unaffected by the recent Guideline amendment. The statutory sentence becomes the Guideline sentence because the Guidelines state: "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." USSG § 5G1.1(b). See also United States v. Li, 206 F.3d 78, 89 (1st Cir. 2000).

As a result, in Donnell's case, whatever changes the cocaine base (crack) Guideline amendment might authorize in the underlying base offense level calculations or, for that matter, in any other Guideline calculations, those changes cannot alter the ultimate Guideline sentence—20 years—which depends upon 50 grams of cocaine base and a prior conviction. 21 U.S.C. § 841(b)(1)(A). It is true that twice I reduced the sentence for substantial assistance, but each time I measured the reduction from the statutory 20 years, not from any Guideline range created by the cocaine base (crack) quantity. Since I have authority to reduce a sentence in a case like this only if the "sentencing range . . . has subsequently been lowered," 18 U.S.C. § 3582(c)(2), and since Donnell's sentencing range—20 years—has not been lowered, the cocaine base (crack) Guideline amendment does not help him.[1]

---

[1] At the original sentencing and on the Rule 35 motion, the substantial assistance departure was measured from a Guideline sentence of 20 years. See Li, 206 F.3d at 89 ("[T]he proper starting point from which a departure is to be subtracted or to which it must be added is the greater of the guideline range or the mandatory minimum."). Since the Guideline sentence remains 20 years, the
*(continued on next page)*

2

**SO ORDERED.**

**DATED THIS 29TH DAY OF FEBRUARY, 2008**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

amount of departure would not change.